**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN CARLOS LOPEZ TREJOS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2447-R** |
| | ) | |
| **MARKWAYNE MULLIN the Secretary of Homeland Security, TODD BLANCHE, Attorney General of the United States and CHRIS GANTT, Warden of Cimarron Correctional Facility,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Juan Carlos Lopez Trejos, a noncitizen, proceeding without counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by

[1] Petitioner named the Warden of Cimarron Correctional Facility. (ECF No. 1:1). "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (*quoting Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); cf. *Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), adopted, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Chris Gantt as respondents.

U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). *See* ECF No. 5.

However, as presented the Petition is deficient in that Petitioner failed to sign and verify as required by 28 U.S.C. § 2242. Specifically, the signature portion presents a digital signature and date (ECF No. 1:3 and ECF No. 2:2) "a petitioner must hand write his signature in pen and ink: typing a name is not sufficient." *Wynn ex rel. Wynn v. United States*, 2025 WL 1884779, at *1 (E.D. Ky. July 8, 2025) (citing § 11:8 Form of the signature, 1 Federal Rules of Civil Procedure, Rules and Commentary) ("The word 'signature' means a handwritten signature or other hand-placed mark.")). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

1. To cure the deficiency, Petitioner may do one of two things. He may either: File an amended petition signed either by himself, or an attorney of record authorized to sign it on Petitioner's behalf. If he chooses to file an amended petition, the amended petition will supersede and replace Petitioner's original Petition. *See, e.g., Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect.").

2. Alternatively, Petitioner may sign the signature page (page 8) of the existing Petition. If Petitioner chooses to sign the existing Petition, he must sign the signature page using his own handwritten signature. The Court will treat this as a supplement to the Petition. The Clerk of Court is DIRECTED to send Petitioner a copy of page 8 of the Petition.

Petitioner is directed to cure these deficiencies on or before **September 30, 2026**. Otherwise, the Court will recommend dismissal of this action without prejudice and without further notice. *See* LCvR3.2(a).

**IT IS SO ORDERED** on September 16, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE